FILED
2022 May-24 PM 12:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **SHANNON GOBER,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | ) **Case No.2:19-cv-08015-KOB** |
| | ) **2:16-cr-377-KOB-SGC** |
| | ) |
| **UNITED STATES OF** | ) |
| **AMERICA,** | ) |
| | ) |
| | ) |
| **Respondent.** | ) |

**MEMORANDUM OPINION**

A jury found Shannon Gober guilty of one count of possession with intent to distribute methamphetamine, and the court sentenced him to 87 months imprisonment. (Cr. Docs. 11 & 27). This case is now before the court on Mr. Gober's motion to vacate, set aside or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 and memorandum in support, the Government's response in opposition, and Mr. Gober's reply. (Cv. Docs. 1, 9, & 12).[1]

Mr. Gober raises three grounds for habeas relief: (1) his counsel was ineffective for failing to file pretrial motions; (2) the Government destroyed, lost, or failed to preserve allegedly exculpatory evidence in violation of *Brady*; and (3) he is actually innocent of the charge of conviction. After reviewing Mr. Gober's motion to vacate and all the filings in

[1] Documents from Mr. Gober's criminal trial, case number 2:16-cr-377-KOB-SGC, are designated "Cr. Doc.___." Documents from Mr. Gober's § 2255 action, case number 2:19-cv-8015-KOB, are designated "Cv. Doc. ___."

this case, the court finds that his arguments lack merit. Accordingly, for the reasons below, the court will **DENY** Mr. Gober's motion to vacate.

## I. BACKGROUND

In December 2015, Drug Enforcement Administration special agent Josh Moore executed a search warrant for Britton Hyde and found methamphetamine in his residence. Mr. Hyde agreed to cooperate with law enforcement and named Shannon Gober as his drug source. Mr. Hyde bought methamphetamine from Mr. Gober about twice a week in two to three-ounce quantities at Gober's residence beginning in the summer of 2015.

Officers arranged for Mr. Hyde to make a controlled purchase of methamphetamine from Mr. Gober. Mr. Hyde called Mr. Gober who told him to "come on by." On the day of the transaction, officers searched Mr. Hyde to make sure he had no drugs on him or in his car. Mr. Hyde had $1,400.00 of his own money that he owed Mr. Gober for a previous drug deal; so, the officers allowed Mr. Hyde to keep that money for the controlled buy. The officers equipped Mr. Hyde with an audio recording device; put a video recorder in his vehicle; and obtained an anticipatory search warrant for Mr. Gober's trailer.

The officers followed Mr. Hyde to Mr. Gober's trailer; parked as close as they could to the trailer but could not watch the transaction because the trailer was located at the end of a long driveway; searched Mr. Hyde again for drugs before he went to the trailer and found none; and listened to the entire transaction via Mr. Hyde's recording device.

When Mr. Hyde arrived at Mr. Gober's property, the gate to the property was closed. Mr. Cicero, the father of Mr. Gober's girlfriend Brandy Cicero with whom he lived in the trailer, let Mr. Hyde in and talked with him until Mr. Gober arrived about an hour later. Mr.

Gober asked Mr. Hyde whether he was there for anything, and Mr. Hyde replied that he was there to "pick up." Gober took a bag of methamphetamine out of his car, a blue Ford Taurus, went back into the house with Mr. Hyde, weighed an ounce of methamphetamine and put it in a bag, and gave the bag of methamphetamine to Mr. Hyde. Mr. Hyde paid Mr. Gober $1,400.00 for the ounce of methamphetamine, and Mr. Gober told him he still owed $3,500.00 for earlier drug purchases. After the deal, Mr. Gober put the larger bag of methamphetamine back into the Ford Taurus.[2]

When Mr. Hyde returned from the transaction, he gave an investigator the bag of methamphetamine he purchased from Mr. Gober. The officer then executed the search warrant for Mr. Gober's trailer and searched the Ford Taurus. The officers found a shotgun, a box with digital scales, and methamphetamine in the trunk of the Ford Taurus. *See United States v. Gober*, 747 F. App'x 799, 800-801 (11th Cir. 2018) (these facts are set out in the Eleventh Circuit's opinion affirming Mr. Gober's federal criminal conviction).

The grand jury indicted Mr. Gober on October 26, 2016, on one count of possession with intent to distribute methamphetamine. The court appointed James Gibson and Glennon Threatt with the Federal Public Defender's Office to represent Mr. Gober. Mr. Gober pled not guilty, and the court set his jury trial for January 9, 2017. (Cr. Docs. 1, 9, 11 & 15).

Prior to the trial, Mr. Gober's trial counsel issued subpoenas for witnesses to testify at the trial. Counsel also filed two motions in limine. Counsel's first motion asked the court to

[2] Mr. Hyde testified that Mr. Gober put the methamphetamine on the passenger side of the Ford Taurus, but the officers found the methamphetamine in the trunk of the car, not on the passenger side.

preclude the Government from introducing evidence of Mr. Gober's criminal history or unsubstantiated bad acts; the court granted that motion. Counsel's second motion in limine asked the court to preclude any evidence regarding marijuana and marijuana paraphernalia that law enforcement purportedly found in the kitchen of the trailer where Mr. Gober resided with Brandy Cicero; the court granted that motion as to the marijuana found in the house but denied it as to the paraphernalia that was also used for methamphetamine. (Cr. Docs. 15, 16, 18, 22, 23 & 38).

Mr. Gober's trial lasted three days. After the Government rested its case, Mr. Gober's counsel moved for a judgment of acquittal under Fed. R. Crim. P. 29 on the grounds of insufficient evidence to show that Mr. Gober knowingly possessed and intended to distribute the methamphetamine, and the court denied that motion. (Cr. Doc. 70 at 319-30 & Cr. Doc. 71 at 12). The court also denied Mr. Gober's counsel's renewed motion for judgment of acquittal at the end of the defense's case. (Cr. Doc. 71 at 20-21). The jury found Mr. Gober guilty of possession with intent to distribute methamphetamine, and the court sentenced him on June 26, 2017, to 137 months imprisonment. (Cr. Docs. 42 & 57).

After Mr. Gibson filed a timely "Notice of Appeal" on behalf of Mr. Gober, Mr. Gibson and Mr. Threatt moved the court to withdraw them and the Federal Public Defender's Office as counsel for Mr. Gober, which the court granted. The court appointed Victor Kelley as counsel for Mr. Gober on his direct appeal. (Cr. Docs. 59, 60 & 63).

On direct appeal, Mr. Gober argued that insufficient evidence existed for the jury to convict him because the Government's investigation was flawed and because Mr. Hyde was not a credible witness. Specifically, Mr. Gober argued on appeal that investigators erred

when they allowed Mr. Hyde to use his own money instead of marked money for the controlled buy; that the DEA failed to enter a written agreement with Mr. Hyde or run a background check on him like it normally does before using an informant; that investigators did not submit the scales for fingerprint analysis; that investigators failed to contact the woman to whom the Ford Taurus was registered; that Mr. Hyde admitted he had 11 felony drug cases pending against him at the time he testified at Mr. Gober's trial; that Mr. Hyde had a conviction for writing a bad check; and that Mr. Hyde's memory was altered because he used methamphetamine every day prior to his testimony at trial. *Gober*, 747 F. App'x at 801-02.

The Eleventh Circuit found no merit in Mr. Gober's arguments because his counsel had the opportunity to cross-examine the officers regarding any alleged flaws in the investigation and "there was more than enough evidence to establish that Gober knowingly possessed the methamphetamine and intended to distribute it" despite any alleged flaws. The Eleventh Circuit also found that the audio recording from the controlled drug transaction confirmed Mr. Hyde's testimony at the trial, and that Mr. Hyde's credibility was in the "exclusive province of the jury." So, the Eleventh Circuit affirmed Mr. Gober's conviction. *Gober*, 747 F. App'x at 802.

Mr. Gober then filed the timely motion to vacate under 28 U.S.C. § 2255 now before the court. (Cv. Doc. 1). The court ordered the government to show cause why the court should not grant Mr. Gober's motion, and the Government responded, arguing that the court should deny the motion on the merits without a hearing. (Cv. Docs. 2 & 9). Mr. Gober filed his reply to the Government's response, attaching a portion of the trial transcript in

support of his motion. (Cv. Doc. 12).

Mr. Gober is currently housed at FCI Memphis and scheduled for release on July 27, 2026. So, this habeas matter is ripe for resolution.

## II. DISCUSSION

Mr. Gober argues as grounds for his § 2255 motion that his counsel was ineffective for failing to file a motion to suppress or a motion for fingerprints; that the Government destroyed, lost, or failed to preserve allegedly exculpatory evidence in violation of *Brady*; and that he is actually innocent of the charge of conviction. The court will discuss these grounds in turn.

### A. Ineffective Assistance of Counsel

Mr. Gober has failed to meet the standard for ineffective assistance of counsel under *Strickland* for any of his Sixth Amendment claims. S*ee Strickland v. Washington*, 466 U.S. 668, 684 (1984). To prevail on a claim of ineffective assistance of counsel, Mr. Gober must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, *and* (2) that he suffered prejudice as a result of that deficient performance. *See Strickland*, 466 U.S. at 684-91. Mr. Gober has the burden to prove *both* prongs of *Strickland* to demonstrate ineffective assistance of counsel, and the court "'need not address both prongs if the petition has made an insufficient showing on one of them.'" *Bishop v. Warden, GDCP*, 726 F.3d 1243, 1254 (11th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697).

Deficient performance is "'representation [that] f[alls] below an objective standard of reasonableness.'" *Hardwick v. Sec'y, Fla. Dep't of Corr.*, 803 F.3d 541, 551 (11th Cir. 2015)

(citing *Strickland*, 466 U.S. at 688). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc). The only question is "whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *Id*.

Counsel is presumed to have acted reasonably. *Strickland*, 466 U.S. at 690. A reviewing court "must indulge a *strong presumption* that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (emphasis added). Because of this strong presumption, a movant "'must establish that no competent counsel would have taken the [challenged] action.'" *Khan v. United States*, 928 F.3d 1264, 1272 (11th Cir. 2019) (quoting *Chandler v. United States*, 218 F.3d 1305, 1314-15 (11th Cir. 2000) (en banc) and citing *Michael v. Crosby*, 430 F.3d 1310, 1320 (11th Cir. 2005)).

Mr. Gober argues that his trial counsel was ineffective for failing to file a motion to suppress: (1) the methamphetamine found in the Ford Taurus; (2) the photograph of the container, drugs, scale, and shotgun found in the Ford Taurus; (3) the ounce of methamphetamine Mr. Gober sold to Mr. Hyde; and (4) the anticipatory search warrant officers used to search Mr. Gober's residence and the Ford Taurus. Mr. Gober argues that, if his counsel would have moved the court to suppress this evidence, the court would have granted it and the jury would not have found him guilty. (Cv. Doc. 1 at 18, 21, 23 & Cv. Doc. 12).

In this case, counsels' decision not to file a motion to suppress was reasonable and does not constitute deficient performance. Mr. Gibson in his affidavit stated that he did not

file a motion to suppress because, "after researching the relevant precedents and applying them to the facts at hand, I did not believe there were sufficient grounds to file such a motion in good faith." (Cv. Doc. 9-1). "Strategic choices made *after thorough investigation* of law and facts relevant to plausible options are virtually unchallengeable . . . ." *Strickland*, 466 U.S. at 690 (emphasis added). Counsels' decision not to file a meritless motion after a thorough investigation of the law and facts cannot support a claim for ineffective assistance of counsel. *Lancaster v. Newsome*, 880 F.2d 362, 37 (11th Cir. 1989).

Counsel had no grounds to argue that the controlled buy between Mr. Gober and Mr. Hyde or the audio recording depicting that buy were illegal. As the Eleventh Circuit pointed out from the facts at trial, the audio recording confirmed Mr. Hyde's testimony that Mr. Gober "retrieved [methamphetamine] from the car to sell some of it to Hyde, weighed the proper amount, and then accept[ed] payment." *Gober*, 747 F. App'x at 801-802.

And Mr. Gober's counsel had no grounds on which to argue that the anticipatory warrant, by which the officers seized items from the Ford Taurus, was illegal or the photograph of the items found in the trunk of the Ford Taurus pursuant to that warrant was inaccurate. Anticipatory warrants based on probable cause that contraband will be on the premises at a time in the future do not violate the Fourth Amendment. *See United States v. Grubbs*, 547 U.S. 90, 96 (2006). In this case, the anticipatory warrant based on the controlled buy and probability that Mr. Gober would again sell Mr. Hyde methamphetamine was lawful. So, counsel's decision not to file a motion to suppress any evidence obtained from the controlled buy or from the anticipatory warrant and instead attack Mr. Hyde's credibility at trial was reasonable. *See United States v. Leon*, 468 U.S. 897 (1984 (counsel not ineffective

where no grounds existed to exclude evidence obtained by agents acting in good faith pursuant to a legal search warrant).

Although Mr. Gober's counsel had no grounds to suppress any of the items found in the Ford Taurus prior to trial, his counsel did file two motions in limine, successfully keeping out of the trial any evidence of Mr. Gober's criminal history or unsubstantiated bad acts, and evidence of marijuana found in the house. (Cr. Docs. 15, 16, 18, 22, 23 & 38). And Mr. Gober's counsel reasonably focused on discrediting Mr. Hyde's testimony at trial. Despite the court's denial of counsel's two motions for judgment of acquittal, counsel successfully argued at sentencing that the Government did not prove at trial that Mr. Gober had constructive possession of the methamphetamine in the trunk of the Ford Taurus; so, the court did not attribute the drugs found in the trunk of that car to Mr. Gober for sentencing purposes. (Cr. Doc. 74 at 13-14). The court finds that counsel's actions in this case were reasonable.

Mr. Gober also claims that his counsel was ineffective for failing to file a pre-trial motion for fingerprints of the items in the trunk of the Ford Taurus and for failing to file a motion related to the Government's failure to preserve the container in which the officers found the methamphetamine in the trunk from which his counsel could have obtained fingerprints. He claims that his fingerprints would not have been on any of those items, and the jury would not have convicted him. (Cv. Doc. 1 at 20, 25, 28 & Cv. Doc. 12 at 1, 7, 8). But his claims lack merit.

Counsel's decision not to pursue fingerprint evidence was reasonable given the overwhelming evidence against Mr. Gober. Counsel knew that, before the controlled buy, officers ensured that Mr. Hyde had no drugs on him. And counsel also knew that Mr. Hyde came back from the controlled buy with an ounce of methamphetamine that he claimed Mr.

Gober sold to him. That evidence alone was enough to convict Mr. Gober of possession with the intent to distribute methemaphetamine regardless of any fingerprint evidence. And, as the Eleventh Circuit found, the audio recording of the controlled buy corroborated what Mr. Hyde said happened during the controlled buy. *See Gober*, 747 F. App'x at 802. So, counsel's pursuit of fingerprint evidence on those items could have implicated Mr. Gober further, and counsel's failure to pursue such evidence was reasonable under these circumstances. Mr. Gober cannot show that no reasonable attorney, given this strong evidence against Mr. Gober, would have chosen to not file a motion for fingerprints.

Also, counsel had no grounds on which to challenge the Government's alleged failure to preserve the container in which the officers found the methamphetamine in the trunk of the Ford Taurus. The failure of the officers to preserve that container does not violate Mr. Gober's due process rights unless he can show, among other things, that the officers acted in bad faith. *See Davis v. Sellers*, 940 F.3d 1175 (11th Cir. 2019) ("Additionally, the failure to preserve . . . potentially useful evidence does not violate due process unless a criminal defendant can show bad faith on the part of the police.") (internal quotations and citations omitted). The record contains no evidence that counsel had any reason to believe that the officers in this case acted in bad faith. So, counsel acted reasonably in choosing to thoroughly cross examine the officers regarding the lack of fingerprint testing on those items instead of filing pre-trial motions regarding this issue. *See* (Doc. 70 at 90-128).

Mr. Gober also failed to show that counsel's failure to file a motion to suppress, a motion for fingerprint testing, or a motion related to the Government's alleged failure to preserve evidence prejudiced him. Mr. Gober can show prejudice if "a reasonable probability [exists] that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *See Strickland*, 466 U.S. at 694. Mr. Gober must show more than "the error had some conceivable effect on the outcome of the proceeding." See i*d.* at 693.

Here, Mr. Gober has failed to show a reasonable probability that his counsel's filing of any of these pre-trial motions would have changed the result of the trial. As discussed above, Mr. Gober had no grounds on which to file a motion to suppress any of the evidence in his case and points to no viable ground on which the court would have granted a motion to suppress. Mr. Gober only alleges that a motion to suppress would have been successful, but he fails to show how or why. And he is wrong.

And, as the Eleventh Circuit stated, the evidence at trial was more than enough to convict Mr. Gober of possession of methamphetamine with intent to distribute despite the Government's failure to obtain fingerprint evidence of the scales found in the Ford Taurus. *See Gober*, 747 F. App'x at 802. Given all the evidence against Mr. Gober, a likelihood exists that any fingerprint analysis of the items found in the trunk of the Ford Taurus, including the container the Government allegedly failed to preserve, could have further implicated Mr. Gober. And the jury heard Mr. Gober's counsel cross-examine Officer Moore about the lack of fingerprints analysis on those items and still found Mr. Gober guilty of possession with intent to distribute methamphetamine. So, Mr. Gober cannot show a reasonable probability that that the court would have granted a motion to suppress, a motion for fingerprints, or a motion related to the Government's alleged failure to preserve evidence or that the filing of those motions would have changed the outcome of Mr. Gober's criminal case.

So, the court finds that Mr. Gober has failed to show any deficient performance or

prejudice as required by *Srickland* and all his ineffective assistance of counsel claims fail.

**B. Government's Failure to Preserve Evidence**

Mr. Gober also argues that the court should vacate his conviction and sentence because the Government's failure to preserve evidence of the plastic container in which officers found the methamphetamine in the trunk violated his due process rights.[3] To the extent that Mr. Gober makes this claim apart from his ineffective assistance of counsel claim regarding this same issue, his claim fails.

A due process claim based on lost or destroyed evidence falls under "the area of constitutionally guaranteed access to evidence." *Davis*, 940 F.3d at 1186 (quoting *Arizona v. Youngblood*, 488 U.S. 51, 55 (1988) (internal quotations omitted). The Government's duty to preserve evidence is limited to evidence that "might be expected to play a significant role in the suspect's defense." *Davis*, 940 F.3d at 1187 (internal quotations and citations omitted). To meet this standard of "constitutional materiality," the defendant must show that the evidence "both possessed exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Davis*, 940 F.3d at 1187 (internal quotations and citations omitted). And, as the court stated previously, Mr. Gober must show that the officers acted in bad faith in failing to preserve the evidence. *See Davis v. Sellers*, 940 F.3d 1175 (11th Cir. 2019). Mr. Gober failed to meet this standard.

Nothing in the record suggests that the officers had any reason to believe that the plastic container found in the trunk containing the bags of methamphetamine possessed any

[3] The Government has not raised, and the court will not address, whether this claim is procedurally defaulted for Mr. Gober's failure to raise it on direct appeal.

exculpatory value for Mr. Gober. As the Eleventh Circuit stated, the audio recording of the controlled buy confirmed what Mr. Hyde told the officers about Mr. Gober retrieving methamphetamine from the car to sell some of it to Hyde, weighing the proper amount, and then accepting payment from Mr. Hyde. And the officers knew that Mr. Hyde had no drugs on him going into the controlled buy but came out with methamphetamine that he claims Mr. Gober gave him. So, the officers had no reason to believe that Mr. Gober's prints would *not* be on the plastic container.

And nothing in the record or in Mr. Gober's motion suggests that the officers acted in bad faith in failing to preserve that plastic container. In fact, the officers did submit for fingerprint testing the drug pipe found in the car and baggies containing methamphetamine found in the container, but no latent fingerprints were found. (Doc. 69 at 72 and Doc. 70 at 30). Submitting those items for fingerprint testing suggests that the officers were not acting in bad faith trying to hide potential exculpatory evidence from Mr. Gober. Why would the officers submit those items for fingerprint testing if they were trying in bad faith to keep possible exculpatory evidence from Mr. Gober? Mr. Gober has failed to show that the officers in this case acted in anything other than good faith.

Mr. Gober has failed to show a due process violation involving the Government's failure to preserve evidence. So, this claim fails.

### C. Actual Innocence Claim

Mr. Gober also alleges that the court should vacate his conviction and sentence because he is factually innocent of the charged crime. (Doc. 1 at 5, 17, 19). He seems to claim that his actual innocence is "itself the constitutional basis of the habeas petition." *See*

*Rozzelle v. Sec., Fla. Dep't of Corr.*, 672 F.3d 1000, 1010 (11th Cir. 2012) (explaining this situation as one type of actual innocence claim in federal habeas case). But this claim also fails.

Mr. Gober argues that Mr. Hyde lied about Mr. Gober's involvement in the sale of the methamphetamine and that Mr. Hyde set him up. But federal habeas relief is not available for a "freestanding, non-capital" claim of actual innocence. *See Rozzelle*, 672 F.3d at 1010 (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).

And, to successfully plead actual innocence as a "gateway" for this court to "consider claims that [it] would otherwise be barred from hearing," Mr. Gober "must show that his conviction resulted from a 'constitutional violation.'" *See Rozzelle*, 672 F.3d at 1011 (quoting *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2018)). In this case, Mr. Gober cannot make that showing.

As discussed above, Mr. Gober fails to show any independent constitutional violation undermining his conviction. Mr. Gober fails to allege any new evidence that would "undermine confidence in the result of the trial" such that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *See Rozzelle*, 672 F.3d at 1017. Instead, Mr. Gober simply re-argues the significance of evidence upon which the jury convicted him. And the Eleventh Circuit found that the evidence presented to the jury was more than enough to convict Mr. Gober of the charged crime. *See Gober*, 747 F. App'x at 802.

So, Mr. Gober's claim of actual innocence fails.

## III. CONCLUSION

For all the reasons above, Mr. Gober's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 lacks merit and no hearing on this motion is warranted. Therefore, the court finds that Mr. Gober's motion should be **DENIED**.

The court will enter a separate Final Order.

**DONE** and **ORDERED** this 24th day of May, 2022.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE